## Hunt *against* Onderdonk and others, executors of Taylor.

HENRY, for the defendants, moved to set aside the default, judgment, and all subsequent proceedings in this cause, for irregularity. He read an affidavit, stating, that on the 26th *July*, 1806, a notice from the attorney of one of the defendants, of his being concerned, was served on the agent of the plaintiff's attorney, in *New-York*, by delivering the same to the partner of the agent, in his office, who accepted the same, in behalf of the agent; and that the defendants' attorney had no notice of the proceedings, on the part of the plaintiff, until the 25th day of *November*, when he was informed, that a writ of inquiry of damages had been executed. The writ issued in the cause, was returnable in *August* term, the declaration was filed the 31st day of *August*, and an interlocutory judgment, for want of a plea, entered the 16th *November*; and on the 21st *November*, the inquisition of damages was filed, and final judgment entered thereon.

*Johnson*, contra, read the affidavit of the plaintiff's attorney, stating, that he resided at *Mount-Pleasant*, less than forty miles, to wit, thirty-six miles from the city of *New-York*, where the attorney for the defendants resided, and that the notice of the defendants' attorney be-

Where the attorney of one of the parties, resided out of the city of *New-York*, but within forty miles, and had an agent in the city, service of a notice in the cause, on such agent, in vacation, was not sufficient.

ALBANY,
Feb. 1808.

Hunt
v.
Onderdonk and
others.

ing employed, had never been received by him. He contended, that where the attornies of the respective parties resided within forty miles of each other, a service on an agent in vacation, was not valid. (*See the 8th rule of January term,* 1799.)

*Per Curiam.* The service of the notice was not sufficient; but this being a case of executors, and on the merits disclosed, we think that the default, judgment and subsequent proceedings, ought to be set aside.

Rule granted.